IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. STANLEY THOMAS, | ) ) ) |
| Petitioner, | ) No. 07 C 2100 |
| v. | ) ) Judge Ronald A. Guzmán |
| DONALD A. HULICK, Warden, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

Stanley Thomas has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to vacate his conviction for first degree murder. For the reasons provided in this Memorandum Opinion and Order, the Court denies the petition.

## Facts

In 2001, Thomas was convicted of first degree murder, felony murder and aggravated discharge of a firearm and was sentenced to thirty-five years of imprisonment. (Pet. at 1; Gov't Ex. A, *People v. Plummer & Thomas*, Nos. 1-01-1140 & 1-01-2471, slip op. at 1 (Ill. App. Ct. Mar. 31, 2004).)

Thomas appealed his conviction, arguing that his Sixth Amendment right to counsel had been violated because: (1) he and his co-defendant, whose interests conflicted, were represented by lawyers from the same law firm; and (2) his trial counsel failed to argue that he was innocent because he had not intended to and did not shoot into the victim's house. (Gov't Ex. B, Br. & Argument Def.-Appellant at 2.) In March 2004, the Illinois Appellate Court affirmed the conviction. (Gov't

Ex. A, *People v. Plummer & Thomas*, Nos. 1-01-1140 & 1-01-2471, slip op. at 20 (Ill. App. Ct. Mar. 31, 2004).)

In May 2004, Thomas filed a petition for leave to appeal to the supreme court, raising the same two ineffective assistance claims. (Gov't Ex. G, Pet. Leave Appeal at 3.) In October 2004, the supreme court denied his petition. (Gov't Ex. H, *People v. Plummer & Thomas*, No. 98378, slip op. at 1 (Ill. Oct. 6, 2004).)

In March 2005, Thomas filed a petition for post-conviction relief, arguing that: (1) his due process rights were violated because his confession was involuntary; (2) his sentence violated the Eighth and Fourteenth Amendments; and (3) his trial counsel was ineffective for failing to file a motion to suppress the confession. (Gov't Ex. N, Post-Conviction Pet. at 2-3.) In June 2005, the circuit court dismissed Thomas's petition as "frivolous and patently without merit." (Gov't Ex. O, *People v. Thomas*, No. 99 CR 22149, slip op. at 8 (Cir. Ct. Cook County June 6, 2005).)

Thomas appealed that decision and, on May 30, 2006, the appellate court affirmed it. (Gov't Ex. I, *People v. Thomas*, No. 1-05-2204, slip op. at 2 (Ill. App. Ct. May 30, 2006).)

Subsequently, Thomas filed a petition for leave to appeal to the supreme court, in which he raised:

> the narrow question of whether the trial court, during an [sic] first stage examination could determine issues of fact contained in (2) affidavits attached to the Post Conviction Petition, which subscribe to facts which are *de hor* the trial and appellate records. Additionally, whether the trial court's judgement [sic] can stand, where it is apparent that the trial court failed to remotely mention said evidence which is *de hor* both trial and appellate records in its dismissal order.

(Gov't Ex. L, Pet. Leave Appeal at 4.) The petition was denied on September 27, 2006. (Gov't Ex. M, *People v. Thomas*, No. 102982, slip op. at 1 (Ill. Sept. 27, 2006).)

On March 22, 2007, Thomas filed the instant petition.

2

## Discussion

In his petition, Thomas claims that: (1) his Sixth Amendment right to counsel was violated because (a) he and his co-defendant, whose interests were antagonistic, were represented by lawyers from the same firm; (b) his trial counsel failed to argue that he was innocent because he had not intended to and did not shoot into the victim's house; and (c) his counsel failed to file a motion to suppress Thomas's confession; and (2) his sentence violated the proportionate penalties clause of the Eighth and Fourteenth Amendments. (Pet. at 5-6.) The government contends that claims 1(a) and (c) are procedurally defaulted.

A claim is procedurally defaulted if the petitioner failed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thomas raised these claims in his post-conviction petition but not in his petition for leave to appeal the denial of that petition to the supreme court. (*See* Gov't Ex. L, Pet. Leave Appeal at 4.) The claims are, therefore, procedurally defaulted.

The Court can excuse the default, however, if Thomas demonstrates "cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result if we do not consider the merits of his case." *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). Cause, in this context, means "an external obstacle [that] prevent[ed] the petitioner from fairly presenting the federal claim in state court." *Id.* Prejudice means "actual prejudice, not merely a possibility of prejudice," and "[t]he miscarriage-of-justice-exception applies [only] when the petitioner can demonstrate that he is actually innocent." *Id.* Because Thomas does not argue that there is cause for and prejudice from his default or that the miscarriage-of-justice exception applies, the Court will not address the merits of his last two claims.

3

The government does not argue that Thomas's remaining claims, that he and his co-defendant should not have been represented by lawyers from the same firm and his lawyer should have argued that Thomas had not intended to shoot into the victim's house, are defaulted. But it says that these claims fail on the merits.

Thomas is entitled to a writ of habeas corpus on these claims only if he demonstrates that the state court's decision was "contrary to . . . clearly established Federal law," involved "an unreasonable application of" that law, or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). A decision is "contrary to" clearly established federal law if it "contradicts the governing law of the U.S. Supreme Court" or "on a set of facts materially indistinguishable from those at issue in the applicable Supreme Court precedent, reache[s] a different result." *Ward v. Sternes*, 334 F.3d 696, 703 (7th Cir. 2003). A state court unreasonably applies federal law if it "correctly identifie[s] the governing Supreme Court precedent, but unreasonably applie[s] it to the unique facts of the prisoner's case." *Id.* A decision is based on an unreasonable determination of the facts, "[i]f the petitioner can show that the state court determined the underlying factual issue against the clear and convincing weight of the evidence." *Id.* at 704.

It is well settled that a lawyer's joint representation of co-defendants violates the Sixth Amendment only if it gives rise to "an actual conflict of interest [that] adversely affect[s] [the] lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980). Though the state court did not cite to *Cuyler*, the record shows that it applied the *Cuyler* standard to Thomas's first ineffective assistance claim. The court noted that "[t]he right to effective assistance of counsel as guaranteed by the sixth and fourteenth amendments includes the right to have the undivided loyalty of counsel, free from any conflict of interest." (Gov't Ex. A, *People v. Plummer & Thomas*, Nos. 1-01-1140 & 1-01-2471, slip op. at 14 (Ill. App. Ct. Mar. 31, 2004) (citations omitted).) It also noted that an attorney's joint representation of co-defendants could, but did not always, give rise to a

4

conflict. (*Id.* at 15.) Rather, the court said, such joint representation violates a defendant's constitutional rights only if "an actual conflict adversely affect[s] . . . defense counsel's trial performance" (*id.* at 16), the standard set forth in *Cuyler*.

The record also shows that the court reasonably applied the *Cuyler* standard to the facts of Thomas's case:

> Prior to trial, Thomas made a confession wherein he stated that shot into a window of the house approximately six times. . . .
>
> At trial, Tiawanda testified that after the incident, she had a conversation with Thomas wherein he admitted that he shot into the basement window of the house on the night of the occurrence. Additionally . . . , Thomas' brother . . . testified that . . . .Thomas admitted to him that . . . he . . . "went back to the house and shot at the door." Lastly, there was testimony at trial that a bullet from Thomas' gun was found inside the house.
>
> . . . Nothing in this record indicates that the joint representation prejudiced Thomas in regards to the way that his defense counsel handled his confession or the other inculpatory evidence that was offered against him.
>
> Defense counsel attempted to mitigate this damaging evidence by calling Thomas to testify. However, Thomas had confessed to a former friend, a family member and an Assistant State's Attorney that he intentionally shot into the house the night of the occurrence. His confession also made it abundantly clear that he knew that the house was occupied at the time of the shooting. Under these [sic] set of circumstances, Thomas failed to show prejudice from the representation that he received from defense counsel at trial.

(*Id.* at 16-18.) Because the state court identified the correct legal standard and reasonably applied it to the presumptively correct facts of Thomas's case, he is not entitled to habeas relief on his first ineffective assistance claim.

Thomas's second ineffective assistance claim is based on his lawyer's failure to argue that Thomas was innocent because he had not intended to, and did not, shoot into the house. Thomas received ineffective assistance, the Supreme Court has said, only if his attorney's performance was objectively unreasonable and Thomas was prejudiced as a result. *See Strickland v. Washington*, 466

U.S. 668, 690, 694 (1984). Once again, the record shows that the state court applied the appropriate standard to Thomas's claim:

> Thomas argues that he received ineffective assistance of counsel because his attorney failed to argue that he was innocent of first degree murder because he did not shoot into the house and never intended to.
>
> ... "[T]o demonstrate ineffective assistance of counsel, defendant must show (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance resulted in prejudice to the defendant. "In order to establish an ineffective-assistance-of-counsel claim, a defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"

(*Id.* at 18-19 (citations omitted).)

The record also shows that the court applied that standard reasonably to the facts of Thomas's case:

> Here, Thomas cannot satisfy either prong of *Strickland*. As stated earlier . . . , Thomas made three confessions, to a former friend, to his brother and to an Assistant States Attorney, wherein he stated that he shot into the house on the night of the occurrence. Taking this into consideration, we deem it reasonable and sound trial strategy by his defense counsel to not argue that Thomas did not fire his weapon into the house . . . . Furthermore, even if defense counsel had attempted to make this argument, the evidence against Thomas was overwhelming. In the face of his confession alone, which he stated on the record was not mentally or physically coerced, Thomas cannot show that but for his attorney's performance there is a reasonable probability that the result of . . . this bench trial . . . would have been different.

(*Id.* at 19-20.) In short, the state court reasonably applied the controlling legal standard to the facts of Thomas's case. Thomas is not, therefore, entitled to habeas relief on his second ineffective assistance of counsel claim.

6

## Conclusion

For the foregoing reasons, the Court denies Thomas's petition for a writ of habeas corpus [doc. no. 1] and terminates this case.

**SO ORDERED.**  ENTERED: 10/05/07

HON. RONALD A. GUZMAN
**United States District Judge**